856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie MILLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1638.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1988.
 
 Before KEITH, KENNEDY and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The question presented in this social security case is whether the record contains substantial evidence to support the finding of the Secretary of Health & Human Services that the claimant, Eddie Miller, was not disabled. The district court held that there was such evidence, and we agree.
 
 
 2
 At the time of his hearing before an administrative law judge, Mr. Miller was 41 years old. He had an eleventh grade education. His last job was that of an assembly line worker and pipefitter. He had been forced to quit that job in September of 1981 because of pulmonary problems that necessitated surgical removal of some ribs and a portion of his right lung.
 
 
 3
 Mr. Miller contended before the ALJ that this surgery left him unable to perform any gainful work. He maintained that he had lost his ability to perform physical labor, that he had chest pain, that he experienced side effects from his medication, and that he suffered mental and emotional problems. A pulmonary function test conducted in April of 1982 revealed only a minimally obstructive ventilatory defect, however, and Mr. Miller testified that he could walk two blocks and climb a flight of stairs before having to rest. The medical record revealed that the pain that he experienced was relieved by taking Tylenol 3. As to the side effects of medication, Mr. Miller's testimony indicated that these were episodic only. Although he contended that he was emotionally disturbed, a Dr. Kelwala determined that he only suffered mild secondary depression, which was treatable through medication. Neither Dr. Kelwala nor any other physician imposed any restrictions on Mr. Miller's activity.
 
 
 4
 The ALJ determined that although Mr. Miller could not perform his past work because of the reduction in his pulmonary function, and could only work in a clean air environment, the impairment did not meet or equal any of the listings in the social security regulations. Accordingly, the ALJ undertook to determine whether Mr. Miller had the residual functional capacity to perform other work in the national economy. Applying the "grid" set forth in 20 CFR Pt. 404, Subpt.P., App. 2, Table 1, Rule 201.24, the ALJ found that as a younger individual with a limited education whose prior relevant work was unskilled, Mr. Miller was able to perform sedentary work and was not disabled.
 
 
 5
 In reaching his decision, the ALJ stated that Mr. Miller was a reasonably credible witness. The ALJ nonetheless discounted Mr. Miller's testimony as to the severity of his disability, because the objective medical evidence did not corroborate it.
 
 
 6
 After failing to obtain relief from the Appeals Council, Mr. Miller brought suit in federal court. The case was assigned to a magistrate, who recommended a finding that substantial evidence did not support the Secretary's determination. Evaluating Mr. Miller's testimony as to the subjective effects of his medical disabilities in the light of Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), the magistrate reasoned that because the ALJ had found Mr. Miller reasonably credible and because the record contained sufficient evidence to establish a severe impairment, there was not substantial evidence to support the denial of benefits.
 
 
 7
 The district court disagreed. The proper inquiry under Duncan, according to the district court, was whether the severity of the medical condition could reasonably be expected to produce the pain claimed. Under this analysis, the district court concluded that substantial evidence supported the ALJ's determination as to the severity of the medical condition. The district court looked to the pulmonary function test, which showed only a minimally obstructive ventilatory defect, and concluded that the objectively manifested results of the surgery did not corroborate Mr. Miller's testimony. As to Mr. Miller's mental and emotional problems, the district court noted that Mr. Miller still visited friends, got along with his family well, and did his own shopping. In sum, the district court found substantial evidence to support the conclusion that the objective medical evidence failed to show a sufficiently severe impairment. We agree with the analysis of the district court, and accordingly AFFIRM the judgment.